**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**MICHAEL WILLIAM HILL**

    **Plaintiff,**

  **v.**

**SAFEWAY/ALBERSONS CO.,**

    **Defendant.**

Case No. _____

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Safeway Inc.,[1] ("Defendant"), by counsel, hereby files its Notice of Removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

Defendant bases its removal on the following grounds:

1. On or about August 7, 2017, Plaintiff Michael William Hill, filed a *pro se* action against Defendant in the Superior Court for the District of Columbia, captioned *Michael William Hill v. Safeway/Albersons Co.,* No. 2017 CA 005401 B. A copy of the Complaint is attached hereto and marked as Exhibit A.

2. Defendant was served with the Complaint and Summons on December 15, 2017, and has timely filed this removal within thirty days in accordance with 28 U.S.C. § 1446(b)(1) ("[A] notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after

---

[1] Safeway Inc. is incorrectly identified in the Complaint as Safeway/Albersons Co.

the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.).

3. In addition to the Summons and Complaint, Defendant was served with the Superior Court Initial Order and Addendum and Superior Court Final Notice. True and correct copies of these documents and other related court documents are included in Exhibit A.

4. In his Complaint, Plaintiff alleges that his "case consist[s] of retaliation, discrimination, and wrongful termination." Compl. ¶ 1. Plaintiff also alleges that he received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission ("EEOC"), giving him the right to file suit. *Id*. Plaintiff attached a copy of the EEOC Dismissal and Notice of Rights to his Complaint ("EEOC Notice"). *See* Exhibit A.

## Removal Based Upon Diversity Jurisdiction

5. A civil action brought in a State court may be removed by a defendant to the district court of the United States for the district and division embracing the place where such action is pending if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). For purposes of removal, the Superior Court of the District of Columbia is considered a "State court." *See* 28 U.S.C. § 1451. The District of Columbia is considered a State for purposes of removal, *see* 28 U.S.C. § 1451, and for purposes of jurisdiction. *See* 28 U.S.C. § 1332(e).

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different States, and the amount in controversy exceeds the sum of $75,000. Plaintiff is a citizen of the District of Columbia, who resides at 5182 Eastern Avenue, NE, Washington, DC 20011. (*See* Complaint, Caption). Defendant is a corporation organized and existing under the laws of the State of Delaware with a

principal place of business in the State of California.  (Declaration of Stephanie Ridore, ¶ 3 attached hereto as Exhibit B)  *Id*.  For purposes of jurisdiction, therefore, Defendant is a citizen of Delaware and California.  See 28 U.S.C. § 1332(c)(1).  The damages claimed by Plaintiff are well in excess of $75,000.  In the Complaint, Plaintiff demands judgment against Defendant in the amount of $168,000.  (*See* Exhibit A, Complaint).  Accordingly, removal of this action is appropriate under 28 U.S.C. § 1441(a).

### Additional Grounds for Jurisdiction

7. As an additional basis for jurisdiction over Plaintiff's causes of action for retaliation and discrimination, this Court has original (federal question) jurisdiction over those causes of action because 28 U.S.C. § 1331 gives the Court "original jurisdiction of all civil actions arising under" the laws of the United States, and the Plaintiff's discrimination and retaliation claims appear to arise under the workplace anti-discrimination laws of the United States.  In his two-sentence Complaint, Plaintiff states only that he has "received the letter from the EEOC giving me the right to sue" and that his "case consist[s] of" retaliation, discrimination, and wrongful termination.  By citing to the EEOC Notice and appending it to the Complaint, Plaintiff relies upon one or more of the five federal anti-discrimination statutes referenced in the EEOC Notice as grounds for his retaliation and discrimination claims.  Those statutes are Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ('Title VII"), the Americans with Disabilities Act, 42 U.S.C § 1201 ("ADA"), the Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff ("GINA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), and the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"). Removal is therefore proper under 28 U.S.C. § 1441(a).

8. As an additional basis for jurisdiction over Plaintiff's claim for wrongful termination, this Court has supplemental jurisdiction over that claim under 28 U.S.C. § 1367, which gives the Court supplemental jurisdiction over all other claims that are so related to federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction under 28 U.S.C. § 1367 when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  Here, Plaintiff's claim for wrongful termination and his retaliation and discrimination claims all, by their nature, arise out of a common nucleus of operative facts: Plaintiff's employment with Defendant.  Additionally, there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  Thus, removal of the wrongful termination claim along with the federal retaliation and discrimination claims is proper under 28 U.S.C. § 1441(c).

9. Concurrent with the filing and service of this Notice of Removal, Defendant has served a Notice of Filing Notice of Removal on Plaintiff, and has filed such Notice with the Clerk of Court for the Superior Court for the District of Columbia. *See* Defendant's Notice of Filing Notice of Removal attached hereto as Exhibit C.

WHEREFORE, Defendant files this Notice of Removal so that the entire court action under Civil Action Number 2017 CA 005401 B now pending in the Superior Court for the District of Columbia is removed to this Court for all further proceedings.

Dated:  January 4, 2018                     Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   /s/ James J. Murphy
James J. Murphy, Bar No. 450432
1909 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone:  202-887-0855
Facsimile:  202-887-0866
*james.murphy@ogletreedeakins.com*

Attorneys for Defendant Safeway Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of Court using the Electronic Case Filing System on this 4th day of January, 2018, with a copy served by United States mail, postage prepaid to:

Michael William Hill, *pro se*
5182 Eastern Ave., NE, Apt. G1
Washington, D.C. 20011

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   /s/James J. Murphy
James J. Murphy, Bar No. 450432
1909 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone:  202-887-0855
Facsimile:  202-887-0866
*james.murphy@ogletreedeakins.com*

Attorneys for Defendant Safeway Inc.

32520145.1